# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: WRIGHT MEDICAL TECHNOLOGY, INC. CONSERVE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 1:12-md-02329-WSD |
| LISA ELSTON, <br><br> Plaintiff, <br><br> v. <br><br> WRIGHT MEDICAL TECHNOLOGIES, INC., <br> Defendants. | CIVIL ACTION NO: 1:12-cv-00805-WSD <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS

Attached hereto, please find a copy of Defendants' Motion to Dismiss the Complaint, or, in the Alternative for a More Definite Statement, filed in the United States District Court for the Southern District of California on January 20, 2012.

**DUANE MORRIS LLP**

Dated: March 26, 2012          By   /s/ Dana J. Ash, Esq.
                                    Dana J. Ash, Esq.
                                    Sean K. Burke, Esq.
                                    DUANE MORRIS LLP
                                    30 S. 17th Street

DM1\3228772.1

Dana J. Ash, Esq.
Sean K. Burke, Esq.
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, Pennsylvania 19103
Telephone: 215.979.1197
Facsimile:  215.689.7401
djash@duanemorris.com
sburke@duanemorris.com


William D. Barwick
Georgia Bar No. 041025
DUANE MORRIS LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309
(404) 253-6970
WDBarwick@duanemorris.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 26th day of March 2012, a true and correct copy of the Defendants' Motion to Dismiss in the above captioned action was served via the Court's ECF system on all counsel of record in this action.

/s/ Dana J. Ash
Dana J. Ash, Esquire

1  John P. Cooley (SBN 162955)
   Heather U. Guerena (SBN 238122)
2  **DUANE MORRIS** LLP
   101 West Broadway, Suite 900
3  San Diego, CA 92101
   Telephone: 619.744.2200
4  Facsimile: 619.744.2201
   E-mail:    JPCooley@duanemorris.com
5             HUGuerena@duanemorris.com

6  Attorneys for Defendant
   Wright Medical Technology, Inc.

7

8

9                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
10

11 | LISA ELSTON                                  | Case No. 3:12 cv 134 JLS (BLM)
12 |        Plaintiff,                            | **NOTICE OF MOTION AND MOTION
   |                                              | TO DISMISS THE COMPLAINT, OR,
13 | v.                                           | IN THE ALTERNATIVE FOR A
   |                                              | MORE DEFINITE STATEMENT AS
14 | WRIGHT MEDICAL TECHNOLOGIES, INC.,           | TO WRIGHT MEDICAL
   | DEPUY ORTHOPAEDICS, INC. and DOES 1-20,      | TECHNOLOGY, INC.**
15 |        Defendants.                           | **JURY TRIAL DEMANDED**
16 |                                              |
   |                                              | Date:     March 22, 2012
17 |                                              | Time:     1:30 p.m.
   |                                              | Ctrm:     6
18 |                                              | Judge:    Hon. Janis L. Sammartino

19

20 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that on March 22, 2012 in Courtroom 6 located at 940 Front

22 Street, San Diego, California, Defendant, Wright Medical Technology, Inc. ("Wright Medical")

23 (incorrectly named in this matter as "Wright Medical Technologies, Inc.") will, and hereby does,

24 move to dismiss the Complaint filed by Plaintiff Lisa Elston, pursuant to Federal Rule of Civil

25 Procedure 12(b)(6). In the alternative, Wright Medical moves for a more definite statement pursuant

26 to Fed. R. Civ. P. 12(e). Wright Medical's Motion is based on the following grounds:

27     The Complaint should be dismissed in its entirety because it is a state court form
       complaint which contains no fact based allegations necessary to satisfy the federal
28     pleading standards;

---
Motion to Dismiss Complaint; Case No. 3:12 cv 134 JLS (BLM)

DM1\3068257.1

Any claim for strict liability, design defect is improper as a matter of law; and

Plaintiff's claim for breach of implied warranty must be dismissed for lack of privity between Plaintiff and Wright Medical.

Wright Medical's Motion to Dismiss is based upon this Notice and the attached Memorandum of Points and Authorities filed concurrently herewith, the records, pleadings and documents on file in this matter, and any such oral and/or documentary evidence as may be presented prior to, or at the time of, the hearing on this matter.

For the reasons detailed above and herein Wright Medical's Motion to Dismiss should be granted in its entirety.


Dated: January 20, 2012                **DUANE MORRIS** LLP


By:      */s/ Heather U. Guerena*
         John P. Cooley
         Heather U. Guerena
         Attorneys for Defendant, WRIGHT MEDICAL TECHNOLOGY, INC.

John P. Cooley (SBN 162955)
Heather U. Guerena (SBN 238122)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-mail:   JPCooley@duanemorris.com
          HUGuerena@duanemorris.com

Attorneys for Defendant
Wright Medical Technology, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ELSTON<br><br>Plaintiff,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGIES, INC., DEPUY ORTHOPAEDICS, INC. and DOES 1-20,<br><br>Defendants. | Case No. 3:12 cv 134 JLS (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AS TO WRIGHT MEDICAL TECHNOLOGY, INC.**<br><br>**JURY TRIAL DEMANDED**<br><br>Date:  March 22, 2012<br>Time:  1:30 p.m.<br>Ctrm:  6<br>Judge: Hon. Janis L. Sammartino |

---

Motion to Dismiss Complaint; Case No. 3:12 cv 134 JLS (BLM)

DM1\3068257.1

| I. | INTRODUCTION AND BACKGROUND | 1 |
| II. | LEGAL STANDARD | 2 |
| III. | LEGAL ARGUMENT | 2 |
| | A. The State Form Complaint Does Not Satisfy the Federal Pleading Standards | 2 |
| | B. Plaintiff Cannot State a Claim for Design Defect Against Wright Medical | 3 |
| | C. Plaintiff's Claim for Breach of Implied Warranty Fails for Lack of Privity | 4 |
| IV. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009) ........................................................................................ 2

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................................... 2

*Blanco v. Baxter Healthcare Corp.*
158 Cal.App.4th 1039 (Cal. App. Ct. 2008) ...................................................... 4

*Brown v. Superior Court*
44 Cal.3d 1049 (Cal. 1998) ................................................................................ 3

*Cervantes v. City of San Diego*
5 F.3d 1273 (9th Cir. 1993) ............................................................................... 2

*Cooper v. Pickett*
137 F.3d 616 (9th Cir. 1998) ............................................................................. 2

*Crayton v. Rochester Medical Corp.*
No. 1:07-CV-1318 OWW GSA, 2011 U.S. Dist. LEXIS 11112 (E.D. Cal. Feb. 4, 2011) ....... 4

*Evraets v. Intermedics Intraocular, Inc.*
29 Cal.App.4th 779 (Cal. App. Ct. 1994) .......................................................... 4

*Huff v. Horowitz*
4 Cal.App.4th 8 (Cal. App. Ct. 1992) ................................................................ 3

*McCarty v. Johnson & Johnson*
No. 1:10-CV-00350 OWW-DLB, 2010 U.S. Dist. LEXIS 64902 (E.D. Cal. June 29, 2010) ......... 4

*Plenger v. Alza Corp.*
11 Cal.App.4th 349 (Cal. App. Ct. 1992) .......................................................... 3

*Saatnia v. Walgreen Co.*
No. 11-2003, 2011 U.S. Dist. LEXIS 122304 (Oct. 21, 2011) .......................... 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1-2

Fed. R. Civ. P. 12(e) ............................................................................................. 1, 3

Defendant Wright Medical Technology, Inc. ("Wright Medical") (incorrectly named in this action as Wright Medical Technologies, Inc."),[1] by and through its undersigned counsel, hereby submit, in support of its Motion to Dismiss the Complaint or, In The Alternative, For a More Definite Statement, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(e), the following memorandum of points and authorities.

## I.   INTRODUCTION AND BACKGROUND

Plaintiff, Lisa Elston, filed a form complaint (the "Complaint") against Wright Medical and DePuy Orthopaedics, Inc. ("DePuy") alleging that Defendants "negligently treated Ms. Elston during her hip replacement surgery" and that "[s]ymptoms necessitated a second hip replacement surgery." See Complaint ("Compl. at p. 4). Key facts, such as the dates of these surgeries and which Defendant manufactured and/or designed the hip implants subject to the two surgeries is not disclosed in the Complaint.

Plaintiff filed a form Complaint in Superior Court of the State of California for San Diego County. Plaintiff, in her form Complaint, "checked off" claims for negligence (First Cause of Action) and for Products Liability (the Second Cause of Action)—which appears to encompass claims for strict liability (manufacture defect and design defect); negligence; and breach of implied warranty. See Compl. at pp. 4-5.

Depuy, with Wright Medical's consent, removed the matter to this Court on January 13, 2012. Wright Medical moves to dismiss the Complaint in its entirety, because the form Complaint contains no factual allegations and thus falls well short of satisfying the federal pleading standards. Moreover, to the extent that Plaintiff is attempting to allege claims for design defect and breach of implied warranty, these claims should be dismissed with prejudice.

///

///

---

[1] "Wright Medical Technologies, Inc." is not an existing or viable entity and was incorrectly named as Defendant to this matter. Plaintiff instead served, and likely intended to name, Wright Medical Technology, Inc. as a Defendant to this action. Wright Medical Technology, Inc. files this instant Motion in the interest of avoiding any potential default. However, Wright Medical Technology, Inc. does not waive its right to challenge its inclusion in this matter, should it later determine that Plaintiff did not intend to name it as a Defendant.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint for failure to state a claim is proper if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). In reviewing a motion to dismiss, the court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998)).

Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim that can survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Moreover, under *Iqbal* and *Twombly*, a Complaint must do more than allege misconduct, it must "show" a plausible claim for relief. *Id.* Indeed, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950.

With these standards in mind, it is evident that Plaintiff's form Complaint, containing no fact based allegations, is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

## III.   LEGAL ARGUMENT

### A.   The State Form Complaint Does Not Satisfy the Federal Pleading Standards.

It is apparent that Plaintiff's form Complaint, which contains no fact based allegations and only one conclusory allegation, does not satisfy the federal pleading standards as explained by *Twombly*, *Iqbal* and its progeny. In sum, Plaintiff's form Complaint, which was filed in state court, pursuant to state court pleading standards, contains five pages of mostly checked boxes indicating the types of claims at issue and general damages asserted. At most, it contains one allegation that broadly and generally states: "Defendants negligently treated Ms. Elston during her hip replacement surgery. Said negligence resulted in symptoms of mechanical clunking sensation and fluid collection coming from the hip. Symptoms necessitated a second hip replacement surgery, but

Plaintiff continues to experience problems with the hip hardware/equipment." *See* Compl. at p. 4. This lone allegation, which is also accompanied by an attached demand for damages, does not provide for any claim for relief. Indeed, Plaintiff has not stated such vital information as who manufactured the original hip system, who manufactured the second hip system, how these systems were defective, the date of these surgeries, and how Defendants "negligently treated" Plaintiff during the hip replacement surgery.

Without these very basic allegations, Wright Medical is left with no indication as to the nature or extent of its liability in this action. Accordingly, Plaintiff's state court form Complaint must be dismissed. *See Saatnia v. Walgreen Co.*, No. 11-2003, 2011 U.S. Dist. LEXIS 122304, at *8 (Oct. 21, 2011) (dismissing form complaint filed in state court but removed to federal court because "Plaintiff's form complaint contains no facts in support of its claims for relief" and thus fell short of federal pleading standards).[2]

### B. Plaintiff Cannot State a Claim for Design Defect Against Wright Medical.

Moreover, even if Plaintiff's Complaint did provide fact based allegations sufficient to state a claim—which of course it does not—Plaintiff's claim for strict liability, design defect still fails as a matter of law.

It is well established under California law that manufacturers of implanted medical devices, like Wright Medical, cannot be held strictly liable for defective design. For example, in *Hufft v. Horowitz*, the court held that "a manufacturer is not strictly liable for injuries caused by an implanted prescription medical product which has been properly made and distributed with information regarding risks and dangers of which the manufacturer knew or should have known at the time." *Hufft v. Horowitz*, 4 Cal.App.4th 8, 19-20 (Cal. App. Ct. 1992) (finding that manufacturer of inflatable penile prosthesis could not be strictly liable for design defect of implanted prescription medical product). *See also Brown v. Superior Court* 44 Cal.3d 1049, 61-62 (Cal. 1998) (holding that manufacturer of prescription drug could not be held strictly liable under design defect theory); *Plenger v. Alza Corp.*, 11 Cal.App.4th 349, 361 (Cal. App. Ct. 1992) (affirming summary judgment

---

[2] In the alternative, to the extent that the Court is not willing to dismiss the Complaint for failure to state a claim, Wright Medical respectfully requests that the Court order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

-3-

for manufacturer of intrauterine device on grounds that manufacturer could not be strictly liable under theory of design defect).

Here, because it appears from the face of the Complaint that the device at issue is an implanted medical device, Plaintiff's claim for design defect is barred as a matter of law. Accordingly, Plaintiff's claim for design defect should be dismissed with prejudice.

### C. Plaintiff's Claim for Breach of Implied Warranty Fails for Lack of Privity.

Plaintiff's claim for breach of implied warranty (Compl. at p. 5) fails as a matter of law because Plaintiff has not alleged privity between herself and Wright Medical. It is well established under California law that privity between a plaintiff and defendant remains a requisite element in an action based on an implied warranty of fitness for a particular purpose. *See Evraets v. Intermedics Intraocular, Inc.*, 29 Cal.App.4th 779, 788 (Cal. App. Ct. 1994); *Blanco v. Baxter Healthcare Corp.*, 158 Cal.App.4th 1039, 1058-59 (Cal. App. Ct. 2008). "[T]here is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Blanco*, 158 Cal.App.4th at 1058-59 (internal quotations and citations omitted). Accordingly, the California courts have held that a medical device sold by a hospital to a patient does not create an implied warranty between outside sellers or representatives. *See Evraets*, 29 Cal.App.4th at 788; *Blanco*, 158 Cal.App.4th at 1058-59. *See also McCarty v. Johnson & Johnson*, No. 1:10-CV-00350 OWW-DLB, 2010 U.S. Dist. LEXIS 64902 (E.D. Cal. June 29, 2010) (dismissing without leave to amend implied warranty claim against distributor because no privity between plaintiff and distributor existed where plaintiff relied on advice of doctor in selecting femoral rod implant); *Crayton v. Rochester Medical Corp.*, No. 1:07-CV-1318 OWW GSA, 2011 U.S. Dist. LEXIS 11112 (E.D. Cal. Feb. 4, 2011) (finding that requisite privity did not exist where catheter was chosen by prison medical professionals and not sold by manufacturer directly to plaintiff).

Accordingly, Plaintiff's inability to allege privity is fatal to her implied warranty claim, and any such claim for relief should be dismissed with prejudice.

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Wright Medical respectfully requests that the Court grant its Motion to Dismiss the Complaint.

Dated: January 20, 2012                    **DUANE MORRIS** LLP

                                By:     */s/ Heather U. Guerena*
                                        John P. Cooley
                                        Heather U. Guerena
                                        Attorneys for Defendant WRIGHT MEDICAL TECHNOLOGY, INC.